IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY BREDFIELD, | No. CIV S-07-2563-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner initiated this action with a petition filed on November 30, 2007.  That petition did not name the correct respondent – the state official having custody over him.  See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)l see also Rule 2(a), Federal Rules Governing Section 2254 Cases.  On December 6, 2007, the court dismissed the petition with leave to amend.  Petitioner filed amended petitions on December 18, 2007, and January 2, 2008, neither of which named the correct respondent.  On January 8, 2008, the court issued an order dismissing the amended petitions with leave to amend to name the correct respondent.  The court specifically told petitioner that the correct respondent

1  is the prison warden and warned petitioner that he would not be given any further opportunities
2  to comply. Despite the court's January 8, 2008, order, petitioner filed an amended petition on
3  January 28, 2008, which still does not name the correct respondent. It thus appears that
4  petitioner is unwilling to comply with the court's orders.

5           The court must weigh five factors before imposing the harsh sanction of
6  dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
7  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
8  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
9  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
10 their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
11 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
12 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
13 See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
14 appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
15 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
16 follow local rules, see Ghazali, 46 F.3d at 53, and failure to comply with an order to file an
17 amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

18          Having considered these factors, and in light of plaintiff's repeated failure to file
19 an amended petition which names the correct respondent, in violation of the court's December 6,
20 2007, and January 8, 2008, orders, the court finds that dismissal of this action, without prejudice,
21 for lack of prosecution and failure to comply with court rules and orders is appropriate.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  February 1, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE